10 P.3d 244 (2000)
2000 OK CIV APP 84
In The Matter of: K.W. and V.W., alleged deprived children,
Karyn Webb, Appellant,
v.
State of Oklahoma, Appellee.
No. 93,843.
Court of Civil Appeals of Oklahoma, Division No. 3.
June 2, 2000.
C. Rabon Martin, Charles M. Fox, James M. Caputo, Martin & Associates, P.C., Tulsa, Oklahoma, for Appellant.
Tim Harris, District Attorney, C. Kevin Morrison, Assistant District Attorney, Tulsa, Oklahoma, for Appellee.
Michelle Huffman, Assistant Public Defender, Tulsa, Oklahoma, For the Children.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.

OPINION
ADAMS, Judge:
¶ 1 Karyn Webb (Mother) appeals a trial court order finding five-year old V.W. and five-month old K.W. to be deprived. The trial court made a similar finding as to the children's father, but he does not join in this appeal. As her sole basis for reversal, Mother argues the trial court should have granted her request to stay the juvenile proceedings while related criminal charges were pending against her. Under the circumstances presented in this record, we conclude the trial court did not err in denying Mother's request to stay the proceedings, and we affirm the trial court's order.
¶ 2 At the outset, we reject a suggestion made by the State of Oklahoma and the attorney for the children that the case is moot because the children have now been *245 returned to the physical custody of Mother.[1] Even this argument acknowledges that the case remains pending and that the children are still wards of the court. Under these circumstances the case is not moot, and we must address Mother's arguments.
¶ 3 The trial court ordered the children to be taken into emergency protective custody based upon an affidavit setting forth facts showing that Mother was implicated in the suspected "shaken baby syndrome" abuse suffered by a 19-month old child for whom she was caring.[2] Mother was also charged with a crime involving the alleged abuse of that child. After taking the children into custody, the social workers discovered additional information which they believed raised additional questions concerning the safety of Mother's own children, V.W. and K.W., and a petition was filed alleging the children were deprived.
¶ 4 Prior to the hearing on the petition, Mother filed a Request for Stay of Proceedings, asking that the adjudication hearing be stayed until the criminal case was resolved because Mother might be forced to assert her constitutional right against self-incrimination in the juvenile proceedings, impairing her ability to defend the juvenile case. The trial court denied that request. Subsequently, Mother stipulated to what the State's evidence would show at trial and that such evidence would be sufficient to determine the children to be deprived. Based upon that stipulation, the trial court entered an order finding the children to be deprived.
¶ 5 Mother appears to concede that United States v. Kordel, 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970), allows simultaneous criminal and civil proceedings which may require the criminal defendant to assert the constitutional right against self-incrimination in the civil proceeding. However, according to Mother, her constitutionally-protected interest in raising her children dictated that she not be placed in the position of giving up her right against self-incrimination so that she could adequately defend the juvenile case.
¶ 6 State argues that Mother has waived any right to question the trial court's order by entering into the stipulation on which it was based. This argument fails to properly analyze the effect of the stipulation. Mother did not stipulate that her children were deprived and waived no right to complain on appeal of the denial of her stay request. She merely agreed that the evidence which State had would be that produced at the preliminary hearing in the criminal case and that it would be sufficient to support a deprived determination. Nothing in the stipulation prevents Mother from making the argument that the trial court erred in refusing to stay the proceedings.
¶ 7 In State ex rel. Oklahoma Bar Association v. Gasaway, 1993 OK 133, 863 P.2d 1189, the Oklahoma Supreme Court recognized that a party to a civil proceeding was not entitled to a continuance of the civil proceeding merely because there was a risk that the party might be required to invoke the right against self-incrimination in the civil proceeding because of pending criminal charges. Gasaway also recognized that a trial court may grant a stay, in its discretion, when there is no strong public interest in proceeding expeditiously in the civil case.
¶ 8 We cannot conclude that there is no strong public interest in so proceeding under the circumstances of this case. According to 10 O.S.Supp.1998 7003-2.4(D)(3), an emergency custody order cannot remain in effect longer than sixty days unless the extension is "necessary to ensure the health and safety of the child and is in the best interest of the child." The record contains no indication that Mother was willing to agree to the extension of the custody order beyond the statutory time in order to accommodate her stay request. Mother's brief specifically declines to agree that such an extension would have been appropriate.
*246 ¶ 9 Faced with the statutory time limit and Mother's unwillingness to agree to further extension, we cannot say the trial court abused the discretion recognized in Gasaway when it refused Mother's stay request.[3] The trial court's order is affirmed.
AFFIRMED.
¶ 10 JOPLIN, J., concurs; HANSEN, V.C.J., concurs by reason of stare decisis.
NOTES
[1] The attorney for the children joined in the brief filed on behalf of the State of Oklahoma. Subsequent references to "State" include the children as well, unless the context requires otherwise.
[2] Mother does not allege any error in the issuance of the emergency order, and we offer no opinion on whether the order was based on sufficient evidence of immediate danger to the children.
[3] We express no opinion on whether a stay might have been required if Mother had agreed to such an extension.